IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| TINA M. HUTZLER,<br><br>                Plaintiff,<br>v.<br><br>CAROLYN W. COLVIN,<br><br>                Defendant. | MEMORANDUM DECISION AND ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEY FEES UNDER THE EAJA<br><br>Case No. 2:12-cv-512 BCW<br><br>Magistrate Judge Brooke Wells |

This matter is before the Court on Plaintiff Tina Hutzler's Motion for Attorney Fees[1] pursuant to the Equal Access to Justice Act (EAJA) 28 U.S.C. §2412(d).[2] Plaintiff requests $6,179.62 in EAJA fees and costs alleging the requests are reasonable.[3] The EAJA provides for an award of attorney fees to a prevailing party "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust."[4] The Commissioner opposes Plaintiff's motion arguing the position of the Government was substantially justified and therefore, an award of fees under the EAJA is not appropriate in this case. As set forth below the Court finds the Commissioner's arguments unpersuasive and grants Plaintiff's motion.

BACKGROUND

This case arises from an appeal from a decision of the Commissioner of Social Security denying Plaintiff's claims for disability benefits under the Social Security Act. On appeal Ms.

---

[1] Docket no. 27. The Plaintiff Tina Hutzler died on October 28, 2012. In March 2013 the Court granted a motion to substitute her three children Tasha, Anthony, and Tiana. For ease of reference the Court refers to these parties as Plaintiff or by Hutzler.
[2] See 28 U.S.C. § 2412(d).
[3] Mtn. p. 8.
[4] 28 U.S.C. § 2412 (d).

Hutzler raised three issues: 1) Whether the ALJ erred by failing to consider Listing 1.02? 2) Whether the ALJ erred in her evaluation of the medical opinion evidence? and 3) Whether the ALJ erred in her evaluation of Ms. Hutzler's residual functional capacity assessment? In reaching its decision to remand this matter the Court found that the "evidence in the record, at a minimum, implicates Listing 1.02 and it was error for the ALJ to fail to consider its requirements."[5] Additionally, the Court rejected the Government's post hoc weighing of the evidence surrounding this Listing noting that it did not satisfy the ALJ's duty. The Court then went on to reject Plaintiff's remaining arguments.

Based upon the Court's decision, Plaintiff became the prevailing party for purposes of the EAJA. Plaintiff now moves the court for an award of attorney fees under the EAJA in the amount of $6,179.62. The Government does not contest the amount, or the fact that Plaintiff was the prevailing party. Rather, the Government asserts that its position was substantially justified and therefore an award of attorney fees is improper.

## STANDARD

The Commissioner has the burden to show that her position was substantially justified.[6] "The term 'position' includes the government's position both in the underlying agency action and during any subsequent litigation."[7] "The government's success or failure on the merits at each level may be evidence of whether its position was substantially justified, but that success or failure alone is not determinative of the issue."[8] "For purposes of the EAJA, the more clearly established are the governing norms, and the more clearly they dictate a result in favor of the

---

[5] Memorandum decision p. 9, docket no. 25.
[6] *See Gilbert v. Shalala*, 45 F.3d 1391, 1394 (10th Cir. 1995).
[7] *Hadden v. Bowen*, 851 F.2d 1266, 1267 (10th Cir. 1988).
[8] *Id.*

private litigant, the less 'justified' it is for the government to pursue or persist in litigation."[9] "Conversely, if the governing law is unclear or in flux, it is more likely that the government's position will be substantially justified."[10]

"The test for substantial justification in this circuit is one of reasonableness in law and fact."[11] Accordingly, the government's position must be "justified to a degree that could satisfy a reasonable person."[12] "[A] position can be justified even though it is not correct, and . . . it can be substantially (i.e., for the most part) justified if a reasonable person could think it correct, that is if it has a reasonable basis in law and fact."[13] Of note, is the distinction between the substantial evidence standard under the Social Security Act, and the substantial justification requirement under the EAJA.[14] As articulated by this Circuit and other circuits which have directly addressed this issue, "equating a lack of substantial evidence with a lack of substantial justification would result in an automatic award of attorney's fees in all social security cases in which the government was unsuccessful on the merits."[15] Moreover, to hold these two standards synonymous appears improper under the history behind the statute,[16] and at odds with the Supreme Court's decision in *Pierce v. Underwood*.[17] Thus, "a lack of substantial evidence on the merits does not necessarily mean that the government's position was not substantially justified."[18]

---

[9] *Spencer v. NLRB*, 712 F.2d 539, 559 (D.C.Cir. 1983).
[10] *Martinez v. Sec'y of Health & Human Servs.*, 815 F.2d 1381, 1383 (10th Cir. 1987).
[11] *Gilbert*, 45 F.3d at 1394.
[12] *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)
[13] *Id.* 487 U.S. at 552 n.2.
[14] *See Hadden v. Bowen*, 851 F.2d 1266, 1269 (10th Cir. 1988).
[15] *Id.*
[16] *See Taylor v. Heckler*, 835 F.2d 1037, 1044 (3d Cir. 1987) (examining the legislative history of the EAJA and concluding Congress "left the door open to the possibility that the government could demonstrate that a denial of disability benefits that flunked substantial evidence review was nonetheless substantially justified.").
[17] 487 U.S. 552.
[18] *Hadden*, 851 F.2d at 1269.

DISCUSSION

The EAJA provides for an award of attorney fees to a prevailing party, other than the United States, unless the court finds that the position of the United States was substantially justified or special circumstances make an award of fees unjust.[19] The Commissioner argues Plaintiff's motion for fees should be denied because the Government's arguments concerning the evidence surrounding the Listing were reasonable.[20] The Court did agree "with the Government's argument that there is evidence in the record undermining Plaintiff's assertion that she met Listing 1.02."[21] But, the Court further found that the ALJ failed to meet the required burden of discussing and evaluating a listing which was implicated by the evidence.[22] Such a failure in the face of clearly defined case law requiring an evaluation of the evidence undermines the Commissioner's argument that its position was substantially justified.[23] In short, the ALJ's failed to adequately review Listing 1.02. The Court finds that such a failure cannot be substantially justified under the purposes of the EAJA.

Accordingly, Plaintiff's motion is GRANTED.

---

[19] *See* 28 U.S.C. § 2412(d)(1)(A).
[20] Op. p. 3, docket no. 30.
[21] Memorandum decision p. 8.
[22] *See e.g., Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996) (noting that the ALJ "was required to discuss the evidence and explain why he found that appellant was not disabled at step three").
[23] *See id.*

ORDER

Based on the foregoing, the Court GRANTS Plaintiff's Motion for Attorney Fees.[24] The Court awards Plaintiff fees under the EAJA in the amount of $6,179.62.[25]

DATED this 17 January 2014.

Brooke C. Wells
United States Magistrate Judge

---

[24] Docket no. 27.
[25] Pursuant to *Astrue v. Ratliff,* 130 S. Ct. 2521, 2528-29 (2010), EAJA fees awarded by this Court belong to Plaintiff and are subject to offset under the Treasury Offset Program, 31 U.S.C. § 3716(c)(3)(B) (2006).